PORTO RICO RAILWAY, LIGHT & POWER COMPANY, PETITIONER, *v.* CAMPILLO, DISTRICT JUDGE, RESPONDENT.

Petition for a Writ of Certiorari to the District Court of San Juan in an Action for Damages.

No. 306.—Decided December 21, 1920.

DEFAULT — AMENDED COMPLAINT — LEAVE OF COURT. — After the defendant has answered the plaintiff can amend his complaint only by leave of the court. If in such circumstances the complaint is amended without leave and upon failure of the defendant to answer the amended complaint the clerk should enter his default, a motion of the defendant to open the default should be sustained.

The facts are stated in the opinion.

*Messrs. P. Amado Rivera* and *J. H. Brown* for the petitioner.

The respondent did not appear.

*Mr. E. López Tizol* for the intervenor.

Mr. Justice del Toro delivered the opinion of the court.

Eduardo Conde brought an action for damages against The Porto Rico Railway, Light & Power Company. The complaint was filed in the clerk's office of the District Court of San Juan, Section 2, on January 11, 1916. On the 22nd of the same month the defendant answered. No further action was taken until almost two years later when, on October 15, 1917, the defendant moved for dismissal on the ground of abandonment by the plaintiff. The motion was overruled on October 25, 1917, on the condition that "unless the plaintiff moves as soon as possible that a day be set for the trial of this case he will be considered as having abandoned the action."

At this stage of the case the plaintiff moved for its transfer to the first section of the same court and on March 14, 1918, filed an amended complaint which appears to have been served on the defendant. The plaintiff did not ask leave to file this amended complaint. After this the case again remained dormant for more than a year.

On April 3, 1919, the plaintiff asked the clerk of the court to enter the default of the defendant and this was done on September 2, 1919.

Another year went by and on September 13, 1920, three motions appear to have been filed. The defendant's motions were for the dismissal of the complaint on the ground of abandonment of the action because the plaintiff had not complied with the condition imposed upon him by the order of October 25, 1917, and to strike out the amended complaint and open the default. The plaintiff's motion was that the case be set in the calendar for trial.

The court heard both parties and on October 6, 1920, ruled on the two motions of the defendant as follows:

"The court overrules the motion for the dismissal of the complaint because it appears from the record that on March 14, 1918,

an amended complaint was filed and that on July 30, 1919, default was entered.

"The motion to strike out the amended complaint and open the default is overruled because the filing of the amended complaint was consented to by the defendant and no reasons are given upon which the court may base its discretion to open the default."

The defendant then applied to this court and obtained this writ of certiorari. In our opinion the facts are clearly such that the court should have exercised its discretion and ordered the opening of the default.

The service on the defendant of the amended complaint appears on that pleading as follows:

"Service with copy accepted this 14th day of March, 1918.—J. H. Brown.—P. A. Rivera.—Attorney for the defendant."

It is not shown that notice was given to the defendant of the filing of a motion for leave to file the amended complaint, nor does it appear anywhere in the record that such leave was granted.

According to section 139 of the Code of Civil Procedure, any pleading may be amended once by the party as of course, and without costs, at any time *before answer or demurrer is filed, or after demurrer and before the trial of the issue of law thereon,* by filing the same as amended, and serving a copy on the adverse party, who may have ten days thereafter in which to answer or demur to the amended pleading. And section 140 provides that in furtherance of justice the court may allow amendments in the cases therein enumerated.

It seems that the plaintiff and the district court were of the opinion that section 139 is applicable to this case. It is not, because the defendant had already answered and the complaint could be amended only by leave of the court, and no such leave having been granted, and it not even appearing that it was asked for, the amended complaint was included in the record without due authority and therefore could not

prejudice the defendant. *Martínez* v. *Succession of Arocena, et al.,* 23 P. R. R. 344.

For the foregoing reasons we are of the opinion that the order of which the petitioner complains must be set aside in so far as it refused to open the default, and the case is remanded for further proceedings not inconsistent herewith.

*Order set aside and case remanded.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.